# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STINGRAY MUSIC USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:16-CV-00586-JRG-RSP |
| | § | (lead case) |
| MUSIC CHOICE, | § | |
| | § | |
| Defendants. | § | |

## ORDER AFFIRMING STAY OF CASE

On November 14, 2017, the Court granted Stingray's Motion to Stay [Dkt. # 164] before Music Choice filed its response. Order [Dkt. # 168]. Having now considered Music Choice's response [Dkt. # 169] and Stingray's reply [Dkt. # 170], the Court **AFFIRMS** its Order [Dkt. # 168] staying the case.

**I.    BACKGROUND**

Music Choice is asserting over 60 claims from five patents against Stingray Digital and Stingray Music USA (collectively, "Stingray"). Stingray responded by filing IPR petitions challenging patentability of all asserted claims.

As of October 2017, the PTAB has instituted review of almost all asserted claims.[1]

---

[1] Music Choice added these two claims to this lawsuit after Stingray filed its first round of IPR petitions. Stingray, however, has since filed another IPR petition directed to these claims and moved to join the already instituted IPR proceeding concerning the '245 Patent.

Stingray then filed the present motion asking the Court to stay this lawsuit pending resolution of the IPR proceedings. Motion to Stay [Dkt. # 164].

## II.     APPLICABLE LAW

The question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (request for stay pending *inter partes* reexamination). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13–CV–04206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014); *see also Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-CV-00384, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014); *3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-CV-00162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review: (1) whether the stay will unduly prejudice the non-moving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in the litigation. *See Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, Nos. 2:13-CV-00235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662

(E.D. Tex. 2005). Some courts have also considered whether a stay will reduce the burden of litigation on the parties and on the court. *See, e.g.*, *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. 2013); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-00346, 2013 WL 6044407 (W.D. Wis. Nov. 13, 2013). Based on these factors, courts should determine whether the benefits of a stay outweigh the inherent costs of postponing the litigation. *See EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III. DISCUSSION

#### A. Whether a stay will unduly prejudice Music Choice

Stingray makes two arguments on this factor. First, it notes the PTAB will likely issue final decisions within six months of when this case would have been tried, resulting in minimal delay relative to the current trial schedule. Defs.' Motion [Dkt. # 164] at 6. Second, Stingray contends Music Choice cannot show undue prejudice in part because it chose not to seek a preliminary injunction. *Id.* at 6–7.

Music Choice argues it cannot wait for vindication of its patent rights. Pl.'s Resp. [Dkt. # 169] at 3–5. It notes that, even if the PTAB issues its decisions within a year, any stay would likely last an additional year pending appellate resolution while Stingray continues to infringe. *Id.* at 5. Finally, Music Choice argues the prejudice is compounded given the asserted patents expire in 2022. *Id.*

The Court concludes a stay will not unduly prejudice Music Choice. The present facts are similar to those in *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed.

Cir. 2014), in which the Federal Circuit noted a stay does not diminish the monetary damages to which a successful infringement plaintiff is entitled. And here, as in *VirtualAgility*, the plaintiff did not move for a preliminary injunction, which contradicts Music Choice's assertion it cannot wait for a decision on infringement.

### B. Whether the lawsuit has reached too advanced of a stage

Stingray contends it diligently filed its first IPR petition within six months of service of its infringement contentions. Defs.' Motion [Dkt. # 164] at 7. Music Choice argues that, because fact discovery has closed and expert reports have been submitted, the advanced stage of this litigation weighs against a stay. Pl.'s Resp. [Dkt. # 169] at 5. Moreover, Music Choice claims Stingray was not diligent in filing its IPR petitions. *Id.* at 6.

This factor is neutral. While this case is past its early stages, the parties have not yet filed dispositive motions concerning prior-art invalidity issues at the forefront of the IPR proceedings. While an earlier stay would have likely saved the parties substantial resources, a stay might still obviate the need to prepare for trial concerning some or all of the patents' claims, thus reducing the burden of litigation on the parties and the Court. Furthermore, there is no evidence Stingray timed its petitions for some tactical advantage.

### C. Whether a stay will simplify issues in the litigation

Stingray argues that, based on recent USPTO statistics, there is a substantial likelihood that some or all of the asserted claims will be found invalid; thus, this factor weighs strongly in favor of a stay. Defs.' Motion [Dkt. # 164] at 8. Music Choice contends this factor weighs at most slightly in favor of a stay. Pl.'s Resp. [Dkt. # 169] at 6–9.

Given the number of patents and claims at issue, this factor weighs strongly in favor of a stay. The PTAB instituted *inter partes* review of every asserted claim save two, which suggests a substantial likelihood of simplification. *See NFC Tech. LLC v. HTC America, Inc.*, No. 2:13-CV-01058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (Bryson, C.J.) (noting "the PTAB's decision to institute *inter partes* review ordinarily means that there is a substantial likelihood of simplification of the district court litigation"); *see also Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, 2:16-CV-00642, at 2–3 (E.D. Tex. June 13, 2017) ("[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent."). At the very least, Stingray will be estopped from asserting the same prior art before the Court.

## IV.    CONCLUSION AND ORDER

On balance, these factors weigh in favor of a stay. The IPR proceedings will potentially greatly simplify the issues before the Court, and Music Choice has not shown it would be unduly prejudiced as a result of a stay. The Court therefore **AFFIRMS** its prior Order [Dkt. # 168] staying the case.

The Court **ORDERS** the parties to, within 30 days of the last final written decision in the IPR proceedings, (1) file a joint status report advising the Court as to the outcome of the proceedings, and (2) file a joint motion proposing a docket control order should any of the asserted claims survive.

**SIGNED this 12th day of December, 2017.**

                                                          ROY S. PAYNE
                                                        UNITED STATES MAGISTRATE JUDGE