**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**



MUSIC CHOICE,

    *Plaintiff*,

v.

STINGRAY DIGITAL GROUP INC. and STINGRAY MUSIC, USA, INC.,

    *Defendants*.

STINGRAY MUSIC, USA, INC,

    *Plaintiff*,

v.

MUSIC CHOICE,

    *Defendant*.

Case No. 2:16-cv-00586-JRG-RSP
**LEAD CASE**

Case No. 2:16-cv-00964-JRG-RSP
**CONSOLIDATED CASE**

# ORDER

The Court held a pre-trial conference on Tuesday, November 12, 2019. At that pre-trial conference, the Court addressed the Parties' contested Motions in Limine (Dkt. Nos. 277, 278). The Court issues this Order to reflect the Court's rulings on those Motions in Limine.

Additionally, the Court has reviewed the Parties' Joint Final Pretrial Orders (Dkt. No. 287 for the Lead Case; Dkt. No. 288 for Consolidated Case). The Court approves those Pretrial Orders.

    **I.    MUSIC CHOICE'S MOTIONS IN LIMINE (Dkt. No. 278)**

        **a. Music Choice's MIL #1: Exclude evidence, argument, or testimony regarding the partners/investors in Music Choice. Stingray may reference preferred rates that the partners/investors pay to Music Choice, but not the reasoning therefor. General references to a preexisting business or contractual relationship between Music Choice and its partners/investors will be permitted.**

**DENIED**. Music Choice may make contemporaneous objections if there it can show that Stingray has exceeded the relevance of the partners who compose Music Choice.

    b. **Music Choice's MIL #2: Exclude evidence, argument, or testimony regarding any damages theory not properly disclosed in accordance with the case Discovery Order, including Stingray's claim for punitive damages.**

**DEFERRED**. this MIL is only related to the second trial (Case No. 2:16-cv-964). The Court will address this MIL in a separate pretrial for that case

    c. **Music Choice's MIL #3: Exclude evidence, argument, or testimony disparaging the patent system, patent examiners, the PTO or its workload, or otherwise attacking the presumption of validity.**

This MIL is **AGREED-IN-PART** and **WITHDRAWN-IN-PART**. The Parties agreed to this MIL in all respects except for "otherwise attacking the presumption of validity." (Dkt. No. 298 at ¶ 1; Dkt. No. 300 at ¶ 1.) Music Choice represented at the pretrial conference that it withdrew this "otherwise attacking the presumption of validity" language.

    d. **Music Choice's MIL #4: Exclude evidence, argument, or testimony relating to unelected prior art to prove invalidity by demonstrating that unelected prior art discloses or suggests elements of the asserted claims, including introducing unelected prior art as an exhibit and displaying unelected prior art as a demonstrative.**

**GRANTED IN PART**. The Court initially deferred ruling on this MIL and directed Stingray to file the with the Court the transcript of the deposition of Greg Mackintosh as a supplement to its opposition to the MILs. The Court also permitted Stingray to file a supplement with any other relevant statements made by Stingray (See Dkt. No. 309). Having reviewed that supplement, the Court determines that Stingray clearly limited the prior art on which it would rely for invalidity of the '245 claims 10 and 15, and that art does not include the Radiowave system. Plaintiff relied upon this representation to its detriment by not preparing to cover the system at the deposition of Mr. Mackintosh. Stingray has not established that it will be materially prejudiced by being held to the terms of the agreement, since the three documents upon which it will rely appear to cover the Radiowave system. In any event, the agreement evidenced in the emails is

clear. Accordingly, MILs 4 and 5 are granted to the extent that evidence and argument concerning the Radiowave system will not be permitted in connection with Stingray's invalidity defense.

  e. **Music Choice's MIL #5: Exclude evidence, argument, or testimony regarding elected prior art that goes beyond the scope of the elected prior art or knowledge of a POSITA at the time of the invention.**

**GRANTED IN PART**, as set out above, since the parties advised that the Radiowave system was the only prior art at issue.

  f. **Music Choice's MIL #6: Preclude Stingray from presenting cumulative expert testimony or evidence on the issue of validity.**

**DENIED**. Music Choice has failed to show that the expert testimony or evidence is needlessly cumulative.

  g. **Music Choice's MIL #7: Preclude Stingray from presenting expert testimony beyond the scope of their respective expert reports, including ultimate conclusions regarding the alleged invalidity of the patents-in-suit based on 35 U.S.C. § 101, the alleged abstractness of asserted claim elements, and the alleged conventionality of asserted claim elements beyond those listed in ¶¶ 257-258 of the Invalidity Report of Dr. Shamos dated September 27, 2017.**

**DEFERRED**. The Court will address these issues in its forthcoming Report and Recommendation on § 101 issues.

  h. **Music Choice's MIL #8: Exclude evidence, argument, or testimony regarding events predating the statutes of limitations for Stingray's tort claims.**

**DEFERRED**. The Court will conduct a subsequent pre-trial for Case No. 2:16-cv-00964-JRG-RSP. The Court therefore defers resolution of this MIL until this subsequent pre-trial.

  II. **STINGRAY'S MOTIONS IN LIMINE (Dkt. No. 277)**

    a. **Stingray's MIL #1: Arguments/statements/testimony relating to Stingray's decision to call or not call any particular witness (live or by deposition)**

**GRANTED-IN-PART**. This MIL is **DENIED** with respect to Stingray's CEO Mr. Royco, meaning that Music Choice is permitted to comment on the absence of Stingray's CEO Mr. Royco, should he fail to appear for trial.

However, the MIL is otherwise **GRANTED**. If Music Choice would like to comment on the decision to call or not to call any other particular witness (live or by deposition), then Music Choice should approach the bench first to seek leave. The same is true for Stingray — if Stingray would like to comment on the Music Choice's decision to call or not to call any other particular witness (live or by deposition), then Stingray should approach the bench first to seek leave.

    **b. Stingray's MIL #2: Underlying facts relating to testimony or opinions excluded by the Court's *Daubert* rulings**

**DENIED-AS-MOOT** in light of the Court's *Daubert* Order. (Dkt. No. 292.)

    **c. Stingray's MIL #3: Evidence or testimony that relate only to equitable relief, including Music Choice's alleged irreparable harm and alleged preference not to license the patents-in-suit**

**DENIED**. Counsel acknowledged that any evidence relating *only* to equitable relief should not be presented to the jury. To the extent that Stingray argues that Music Choice presents evidence or testimony that is irrelevant to any jury question, then Stingray may object during trial.

    **d. Stingray's MIL #4: Argument, testimony, or evidence regarding Patent Trial and Appeal Board ("PTAB") proceedings with respect to the patents-in-suit where the claims were not found invalid or trial was not instituted**

**GRANTED-IN-PART**. This is **GRANTED** to preclude either party from referring to the PTAB proceedings, and to preclude either party from referring to the declarations by Dr. Russ and Dr. Shamos as having been made to the patent office or the PTAB. The Court reaches this conclusion due to the danger for potential jury confusion and unnecessary consumption of time.

This MIL is otherwise **DENIED** to permit either party to refer to sworn declarations made by either Dr. Russ or Dr. Shamos. However, neither party should cross the line of stating that the declarations were submitted to the PTAB or patent office.

e. **Stingray's MIL #5: References to Stingray's decision whether to seek or obtain opinions of counsel on the asserted patents**

**AGREED**. (Dkt. No. 298 at ¶ 2; Dkt. No. 300 at ¶ 2.)

f. **Stingray's MIL #6: Reference to any of Stingray's attempts to acquire Music Choice**

**GRANTED** with respect to Stingray's attempt to acquire Music Choice as it is not sufficiently probative of any relevant issue to overcome the confusion that it injects into the case.

If there are any specific documents that Music Choice can point to that reflect on the value of the technology and that tend to act as an admission, then Music Choice may seek to admit those. The Court will address any such exhibits at the next pre-trial conference.

g. **Stingray's MIL #7: Testimony or evidence on theories not pled by Music Choice during the litigation, including induced infringement of all asserted claims of the patents-in-suit**

**DENIED.** This would have been more appropriately resolved as a Motion to Dismiss or a Motion to Strike. There is sufficient notice of the theory of induced infringement in the Complaint (¶53) and the expert reports.

h. **Stingray's MIL #8: Testimony or opinions from Dr. Ugone relating to (1) alleged reasonable royalty damages suffered by Music Choice due to Stingray's alleged patent infringement, (2) alleged damages suffered by Music Choice due to Stingray's alleged breach of contract, and (3) damages suffered by Stingray with respect to Stingray's tort claims**

**DENIED**; Dr. Ugone is limited to the scope of his rebuttal report, which is directed to rebutting the opinions of Ms. Riley, Defendants' expert. The Court limits this MIL ruling only to

the first issue, relating to patent infringement damages, and will defer the contract and tort damages issues until the pretrial of that case.

**SIGNED this 18th day of November, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE