**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MUSIC CHOICE, | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:16-cv-00586-JRG-RSP |
| STINGRAY DIGITAL GROUP INC. and STINGRAY MUSIC, USA, INC., | § | **LEAD CASE** |
| *Defendants*. | § | |
| STINGRAY MUSIC, USA, INC, | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:16-cv-00964-JRG-RSP |
| MUSIC CHOICE, | § | **CONSOLIDATED CASE** |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Music Choice's Motion for Partial Summary Judgment with Respect to Certain of Defendants Stingray Digital Group Inc.'s and Stingray Music, USA, Inc.'s (collectively "Stingray") Affirmative Defenses ("Motion"). (Dkt. No. 189.) This Motion argues that (1) Stingray cannot succeed on its § 112 defenses; and (2) IPR estoppel bars Stingray's § 102 and § 103 defenses to the '025 and '045 Patents.[1]

After consideration, the Court recommends that Music Choice's Motion be **GRANTED IN PART**. Stingray did not address any of the arguments presented by Music Choice regarding the § 112 defenses, making summary judgment appropriate for those defenses. The Court also

---

[1] Music Choice raises other arguments that the Court will not address in this Report and Recommendation: (1) that Stingray cannot succeed on its unenforceability defense and (2) that Stingray cannot succeed on its § 101 defenses. The unenforceability defense is no longer being asserted (*see* Dkt. Nos. 299, 301), so the Court recommends that any portion of the present Motion that relates to the unenforceability defense be **DENIED AS MOOT**. For Music Choice's argument that Stingray cannot succeed on its § 101 defenses, Stingray filed a related Motion for Judgment on the Pleadings based on § 101 (Dkt. No. 180). As a result, the Court will address Music Choice's § 101 arguments in a separate Report and Recommendation that also addresses Stingray's Motion for Judgment on the Pleadings.

concludes that IPR estoppel applies here to bar Stingray's § 102 and § 103 defenses to the '025 and '045 Patents, making summary judgment appropriate for those defenses.

## I. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate

burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II. ANALYSIS

### a. Summary judgment is appropriate for Stingray's § 112 defenses.

Music Choice moves for summary judgment on each of Stingray's § 112 defenses. (Dkt. No. 189 at 10–12.) In its Response, Stingray stated that it withdraws its affirmative defense of indefiniteness. (Dkt. No. 222 at 1 n.1) Stingray did not discuss the other potential § 112 defenses such as a lack of written description in either its Response or Sur-Reply to Music Choice's Motion. (*See generally* Dkt. No. 222, Dkt. No. 257).

The Local Rules provide that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(d). Consequently, the Court recommends that summary judgment be **GRANTED** for any § 112 defenses.

### b. IPR estoppel applies to each of Stingray's §§ 102 and 103 defenses for the '025 and '045 Patents, making summary judgment appropriate for those defenses.

"The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert either in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

In 2016, the Federal Circuit ruled that estoppel did not apply to non-instituted grounds for IPR proceedings. *Shaw Indus. Grp. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir.

2016). However, the Supreme Court held in 2018 that the PTAB could not continue the practice of partial institution, finding that 35 U.S.C. § 318(a) means the PTAB "*must* address *every* claim the petitioner has challenged." *SAS Inst., Inc. v. Iancu*, 138 S.Ct. 1348, 1354 (2018) (emphasis added). The Court did not explicitly rule that the PTAB must institute review on every ground asserted in the petition. Nonetheless, the Federal Circuit observed that "[e]qual treatment of claims and grounds for institution purposes has pervasive support in *SAS*." *PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1360 (Fed. Cir. 2018).

After the *SAS* decision, the United States Patent and Trademark Office issued a "guidance" in April 2018 announcing that an instituted petition would be instituted on all raised claims and grounds, effectively banning the practice of having non-instituted grounds. 5 U.S. Patent & Trademark Office, *Guidance on the Impact of SAS on AIA Trial Proceedings* (Apr. 26, 2018), https://www.uspto.gov/patents-application-process/patent-trial-and-appeal-board/trials/guidance-impact-sas-aia-trial. The Federal Circuit has concurred with this view, while also stating that, absent a party seeking *SAS*-based relief, it would not "reopen[] the IPRs to embrace the non-instituted claims and grounds." *PGS Geophysical*, 891 F.3d at 1359–60.

At this point, case law clearly holds that a petitioner is estopped from asserting any grounds in a later civil action when the PTAB actually instituted review and issued a final written decision. *See* 35 U.S.C.§ 315(e)(2). Further, the PTAB has banned the practice of non-instituted grounds. *See* Guidance on the Impact of SAS on AIA Trial Proceedings. The final issue that remains, and the major issue in this case, is whether non-petitioned grounds can be subject to estoppel.

Prior to *SAS*, some courts, including this Court, took the position that non-petitioned grounds are included in the estoppel provision. *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2526231, at \*6 (E.D. Tex. May 11, 2017) ("If, on the other hand, the petitioner simply does not include a

prior art reference in the petition that reasonably could have been included, the petitioner should be estopped from asserting that reference in a subsequent proceeding"); *see also Palomar Techs., Inc. v. MRSI Sys., LLC*, 373 F. Supp. 3d 322, 331 (D. Mass. 2019) (citing other cases that held similarly); *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at *7–8 (N.D. Ill. Aug. 2, 2017).

On the other hand, a minority of district courts held only grounds that were raised in the petition could count as grounds that "reasonably could have been raised." Under this view, a petitioner could later raise non-petitioned grounds in district court litigation; although at least one court held so reluctantly. *See Intellectual Ventures I LLC v. Toshiba Corp.,* 221 F. Supp. 3d 534, 553–54 (D. Del. 2016) (noting that although exempting non-petitioned grounds from estoppel "confounds the very purpose of this parallel administrative proceeding, the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*"); *see also Finjan, Inc. v. Blue Coat Sys., LLC*, 283 F.Supp.3d 839, 855–57 (N.D. Cal. 2017); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc,* 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017).

Post-*SAS*, the latter view cannot be correct. The PTAB must now either review on all grounds or not review at all. There is no longer a situation where grounds are raised in the petition but not instituted. Therefore, for the words "reasonably could have raised" to have meaning, they must refer to the grounds that were not actually raised in the IPR petition, but reasonably could have been included. Other courts have adopted this view of *SAS*'s impact on the Federal Circuit's decision in *Shaw*. *E.g., SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F.Supp.3d 574, 602 (D. Mass. 2018).

The Supreme Court, in a recent footnote, espoused this general principle as well, when it stated that the estoppel provisions of the AIA "generally preclude a party from relitigating issues

in any subsequent proceedings in federal district court . . . [and] before the Patent Office." *Return Mail, Inc. v. United States Postal Serv.*, 139 S. Ct. 1853, 1867 n.10 (2019) (citing 35 U.S.C. § 315(e)).

Finally, public policy favors enforcing a stricter interpretation of the estoppel statute. The purpose of the estoppel statute is to prevent parties from pursuing similar invalidity arguments before both the PTAB and the district court. *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 2017 WL 2605977, at *3 (E.D. Va. June 5, 2017). A looser interpretation would allow, if not encourage, petitioners to hold back invalidity grounds from a PTAB review to avoid estoppel, in direct contradiction to the statute and the policy behind it. *See Tinnus Enterprises, LLC v. Telebrands Corp.*, 2018 WL 3993468, at *3 (E.D. Tex. Aug. 21, 2018) (citing *Douglas Dynamics, LLC v. Meyer Prod. LLC*, 2017 WL 1382556, at *4 (W.D. Wis. Apr. 18, 2017) (citations omitted) (a defendant "cannot expect to hold a second-string invalidity case in reserve in case the IPR does not go defendant's way.")).

Taking all this into consideration, this Court concludes that § 315(e) estops grounds that were actually raised in IPR as well as any grounds that could have reasonably been raised within the IPR petition.

The only remaining question is whether the prior art references that Stingray asserts here "reasonably could have raised" during the IPR using the interpretation of that language described above. The Court concludes that each of the remaining prior art references reasonably could have been raised, making summary judgment appropriate for those claims. Several district courts have concluded that the language "reasonably could have raised" includes any patent or printed publication that a "petitioner actually knew about or that 'a skilled searcher conducting a diligent search reasonably could have been expected to discover.'" *SiOnyx*, 330 F. Supp. 3d at 602 (D.

Mass. 2018) (citing *Parallel Networks Licensing, LLC v. Int'l Bus. Machs. Corp.*, 2017 WL 1045912, *11–12 (D. Del. Feb. 22, 2017); *Clearlamp, LLC v. LKQ Corp.*, 2016 WL 4734389, at *7–8 (N.D. Ill. Mar. 18, 2016)). This Court agrees with that standard and will apply it here.

The Court concludes that Stingray "reasonably could have raised" the references that are currently being asserted to invalidate the '025 and '045 Patent claims. Music Choice represents that the Parties stipulated that the only invalidity defenses that Stingray will seek to raise at trial for the '025 Patent claims are U.S. Patent No. 7,293,275 ("Krieger"), U.S. Patent Application No. 09/904409 ("Schrader"), and U.S. Patent No. 8,024,766 ("Addington"). (Dkt. No. 189 at 4 (citing Dkt. No. 189-1 at ¶ 10 (providing a declaration by Music Choice's counsel representing that this stipulation was made by the Parties).) Music Choice represents that the Parties also stipulated that the only invalidity defenses that Stingray will seek to raise at trial for the '045 Patent are Krieger, Schrader, and Addington in conjunction with U.S. Patent No. 8,700,795 ("Boulter"). (*Id*.) Stingray discusses only these references in its Response. (*See* Dkt. No. 222 at 32–33.) Based on the representation by Music Choice, the Court will accept this stipulation as true.

Each of the prior art references discussed above were listed within Stingray's invalidity contentions prior to the filing of the IPR petitions except for the Schrader reference. (Dkt. No. 189-2 at 12–14.) The prior art references at issue here were not included within the IPR petitions. (*See* Dkt. No. 189-1 (listing references included in the IPR petitions).) As evidenced by Stingray's inclusion of the Krieger, Addington, and Boulter references within its invalidity contentions in this case, Stingray clearly had knowledge of those references when Stingray filed its IPR petitions. Further, the Schrader reference was incorporated by reference into Krieger, so the Court concludes "a skilled searcher conducting a diligent search reasonably could have been expected to discover" the Krieger reference. The Court therefore concludes that each of these references reasonably could

have been raised in IPR proceedings and that Stingray should be estopped from asserting each of the asserted references for the '025 and '045 Patents pursuant to 35 U.S.C. § 315.[2] The Court therefore recommends that Music Choice's Motion be **GRANTED** with respect to its estoppel arguments.

### III. CONCLUSION

The Court recommends that Music Choice's Motion be **GRANTED IN PART**. The Motion should be **GRANTED** for Music Choice's argument that Stingray should be estopped from raising its novelty and obviousness challenges to the '025 and '045 Patents. It should also be **GRANTED** with respect to Stingray's challenges under 35 U.S.C. § 112 to all of the patents. Music Choice's Motion should be **DENIED AS MOOT** for Stingray's unenforceability defense, and the Court defers ruling on the Motion with respect to any challenges under 35 U.S.C. § 101.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation **must be filed** in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 19th day of November, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] This conclusion does not apply to invalidity arguments for the '245 Patent claims as the PTAB did not institute IPR proceedings for those claims.